[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-15696
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 7, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00802-CV-T-26-MAP

SHERISA WILDS,

Plaintiff-Appellant,

versus

COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee,

SSA,

Interested Party.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 7, 2009)

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Sherisa Wilds appeals a judgment that affirmed the denial of her application for supplemental security income from the Social Security Administration. 42 U.S.C. § 1383(c)(3). Wilds argues that the administrative law judge erred by finding that Wilds could work as a school-crossing guard and a flag operator for road construction and that testimony from the vocational expert that Wilds could perform both jobs conflicted with the job responsibilities listed in the Dictionary of Occupational Titles. We affirm.

We review the decision by the Commissioner "to determine if it is supported by substantial evidence and based on proper legal standards." Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). Substantial evidence consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Id. at 1440. When the Commission affirms the decision of the administrative law judge and the Appeals Council denies review of that decision, we review the decision of the administrative law judge. Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001).

Substantial evidence supports the finding by the administrative law judge that Wilds could work as a school-crossing guard and a flag operator for road construction. The administrative law judge was entitled to rely on testimony from

2

the vocational expert that a person with one hand could fulfill the responsibilities of those positions. See Jones v. Apfel, 190 F.3d 1224, 1230 (11th Cir. 1999). There was no conflict between the testimony of the vocational expert and the duties of a crossing guard and a flagger that are listed in the Dictionary of Occupational Titles, and Wilds offered no evidence at the evidentiary hearing to establish that the positions require the use of two hands. If a conflict had existed, the administrative law judge would have been entitled to rely on the testimony of the vocational expert. See id. at 1229–30.

The judgment in favor of the Commissioner is **AFFIRMED**.